IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEMI OLUKANNI and FOLA OLUKANNI,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>BANK OF AMERICA HOME LOANS, et al.,<br><br>　　　　Defendants. | 1:09-CV-1923 AWI DLB<br><br>ORDER VACATING HEARING, DENYING MOTIONS AS MOOT, AND CLOSING CASE |

　　Defendants filed a Motion to Dismiss and a Motion to Strike. None of the Defendants have filed an answer in this case. The motions are set for hearing on February 16, 2010. On February 10, 2010, Plaintiffs filed an Amended Complaint.

　　Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995). A motion to strike is not a "responsive pleading" within the meaning of Rule 15. See Niefeld v. Steinberg, 438 F.2d 423, 425 n.3 (3d Cir. 1971); Phillips v. Borough of Keyport, 179 F.R.D. 140, 145-46 (D. N.J. 1998). Thus, where a motion to dismiss and/or a motion to strike is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court. See Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3; Niefeld, 438 F.3d at 425 n.3. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, since no responsive pleadings and no prior amended complaints have been filed, Plaintiffs were entitled to file their amended complaint as a matter of course under Rule 15(a). The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent. Since Defendants's motions attack Plaintiffs' original and now "non-existent" complaint, Defendants' motions are now moot.

Additionally, the basis of the Court's subject matter jurisdiction was the presence of a federal question. See Complaint at ¶ 1. The amended complaint, however, omits any allegation regarding the Court's subject matter jurisdiction and also no longer alleges any federal causes of action.[1] In other words, Plaintiffs have dropped all of their federal claims. All that remains in the active complaint are state law claims. See First Amended Complaint. Since the amended complaint contains no federal claims, "there [are] no claims to which the state claims could be supplemental." Wellness Cmty. Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995); see Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007). The Court no longer sees a basis for jurisdiction; dismissal of the complaint is appropriate. See Pintando, 501 F.3d at 1243-44; Wellness Cmty, 70 F.3d at 50; Boelens v. Redman Homes, Inc., 759 F.2d 504, 506-08 (5th Cir. 1985); cf. 28 U.S.C. § 1367(c)(3); Religious Tech. Ctr v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1. The February 16, 2010 hearing is VACATED;
2. All pending motions are denied as MOOT; and
3. This case is dismissed without prejudice to refiling in state court; and
4. The Clerk shall CLOSE the case.

IT IS SO ORDERED.

**Dated:   February 12, 2010**              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] There has never been any allegation of diversity jurisdiction and it appears that Plaintiffs and some defendants are citizens of California.

2